Case 2:10-cr-01128   Document 782   Filed on 07/14/17 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 2:10-CR-1128-11 |
| | § |
| ORLANDO GARCIA; aka GARCIA | § |

## ORDER

Orlando Garcia filed a Rule 60(b) motion seeking relief from this Court's denial of his § 2255 motion. D.E. 781. The motion is dismissed.

### BACKGROUND

Garcia was convicted after a jury trial of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. The Court sentenced him to life imprisonment in May 2012. The Court found that the conspiracy involved 5.21 kilograms (actual) methamphetamine and 77 grams of methamphetamine. In addition, the Court found that the methamphetamine was imported, and Garcia was a manager or supervisor in the enterprise.

Garcia appealed, but the Fifth Circuit Court of Appeals affirmed his conviction and sentence in May 2013. He then filed a timely motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court denied the motion and entered final judgment by Orders dated October 31, 2014. Garcia did not seek a certificate of appealability in the Fifth Circuit.

### MOVANT'S CLAIMS

Garcia filed a motion pursuant to Rule 60(b)(4). He argues that his trial counsel during provided ineffective assistance by waiving his preliminary examination hearing. Garcia also argues that this Court erred by failing to appoint new appellate counsel in 2012.

**RULE 60(B) MOTION**

A Rule 60(b) motion may be used to attack a previous final judgment in limited circumstances. Fed. R. Civ. P. 60(b). The motion generally must be brought within a year after judgment, unless the movant establishes that the preceding judgment is void, has been satisfied, discharged, or released; or for any other reason that justifies relief. Fed. R. Civ. P. 60(c)(1). Garcia alleges that Rule 60(b)(4) applies.

Rule 60(b)(4) permits a district court to modify its own judgment if the judgment is void. A judgment is not void simply because it may be erroneous. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Instead, federal courts considering Rule 60(b)(4) motions generally reserve relief for the "exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." *Id*. at 271 (internal quotations omitted). This Courts previous judgment is not void. As the sentencing court, this Court had jurisdiction to decide whether Garcia's conviction complied with constitutional mandates. *See* 28 U.S.C. §§ 1331, 2255(a).

A defendant generally has the right to bring only one § 2255 motion. *See* 28 U.S.C. § 2255(h).[1] A defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it

---

[1] In pertinent part, 28 U.S.C. § 2255(h) provides:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

does not raise a second or successive claim. *Id*. A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 531; *see also United States v. Hill*, 202 Fed. App'x. 712, 713 (5th Cir., Oct. 13, 2006) (designated unpublished); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

Garcia's present motion seeks reversal of his conviction or a new direct appeal. The issues he raises were available to him at the time he filed his original § 2255 motion.

A subsequent § 2255 motion is "second or successive" when it:

(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
(2) otherwise constitutes an abuse of the writ.

*United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The *Orozco-Ramirez* court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. *Id*. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive." *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A). Garcia's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . .only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Garcia has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *Id*. at 483-84. As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Garcia cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Garcia's Rule 60(b) motion (D.E. 781) is DISMISSED and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 14th day of July, 2017.

_____
Janis Graham Jack
Senior United States District Judge